**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOMINIC RANDY QUEEN,<br><br>        Defendant. | Crim. Action No. 17-58 (EGS) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

## I.  Introduction

Defendant Dominic Randy Queen ("Mr. Queen"), proceeding *pro
se*, is serving a sixty-month concurrent term of imprisonment at
the Rivers Correctional Institution in Winton, North Carolina,
after pleading guilty to two counts in the five-count
indictment: (1) unlawful possession of a firearm by a convicted
felon, in violation of 18 U.S.C. § 922(g)(1); and (2) unlawful
possession with intent to distribute marijuana, in violation of
21 U.S.C. §§ 841(a)(1), 841 (b)(1)(D). *See* J., ECF No. 47 at 1-
3.[1] Mr. Queen claims that the Court's written judgment conflicts
with the Court's oral pronouncement of the sentence—
specifically, the written judgment fails to state that he will
receive credit for the time he served in custody before
sentencing. Def.'s Mot. for Amend. ("Def.'s Mot."), ECF No. 49

---

[1] When citing electronic filings throughout this Opinion, the
Court cites to the ECF page number, not the page number of the
filed document.

at 2-3. *Id.*

Mr. Queen understands, based on the oral pronouncement, that he is entitled to receive credit for all of the time that he served in custody from his initial arrest on February 25, 2017 until his sentencing hearing on September 25, 2018. *Id.* at 3. Mr. Queen contends that the Federal Bureau of Prisons ("BOP") is subjecting him to an eighty-four month prison term rather than a sixty-month prison term because BOP calculated his sentence from the sentencing hearing instead of the initial arrest. *Id.* Mr. Queen urges this Court to amend the written judgment pursuant to Federal Rule of Criminal Procedure 36. *Id.* at 1, 5.

The government opposes Mr. Queen's motion, arguing that there is no clerical error in the written judgment. Gov't's Mot. to Transfer ("Gov't's Mot."), ECF No. 53 at 1. According to the government, BOP correctly calculated Mr. Queen's jail-time credit in this case as required by federal law, and BOP attributed most of Mr. Queen's jail-time credit to his parole revocation proceedings in the Superior Court of the District of Columbia ("D.C. Superior Court"). *Id.* The government moves to transfer Mr. Queen's motion, construed as a habeas corpus petition under 28 U.S.C. § 2241, to the United States District Court for the Eastern District of North Carolina, the district where Mr. Queen is presently incarcerated. *Id.*

2

Pending before the Court are: (1) Defendant's Motion for Amendment of the Written Judgment Pursuant to Federal Rule of Criminal Procedure 36; and (2) United States' Motion to Transfer Defendant's Rule 36 Motion, Construed as a Habeas Petition Under 28 U.S.C. § 2241, to the Eastern District of North Carolina. Upon careful consideration of the parties' submissions, the applicable law, and the entire record herein, the Court construes Mr. Queen's motion as a petition for habeas corpus under 28 U.S.C. § 2241, and such a petition must be brought in the district in which Mr. Queen is presently incarcerated. Therefore, the government's motion is **GRANTED**. Mr. Queen's motion shall be **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina.

## II.  Background

On February 25, 2017, officers from the District of Columbia's Metropolitan Police Department ("MPD") arrested Mr. Queen after conducting a traffic stop and recovering a loaded firearm and drugs from his vehicle. Statement of Offense, ECF No. 33 at 2-3. Eleven days later, on March 7, 2017, the United States Parole Commission issued a warrant based on Mr. Queen's violation of the conditions of release in his D.C. Superior Court case. Warrant, ECF No. 36 at 1-2. On March 22, 2017, a federal grand jury indicted Mr. Queen on five related drug and firearm charges in this case. Indictment, ECF No. 1 at

3

1-3.

On May 31, 2018, Mr. Queen pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count One"); and possessing with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(D) ("Count Four"). Plea Agreement, ECF No. 32 at 1 ¶ 1. Pursuant to the Rule 11(c)(1)(C) plea agreement, the parties agreed that a total sentence of sixty months of imprisonment, to be followed by four years of supervised release, was an appropriate sentence. *Id.* at 2 ¶ 4. Later, the parties agreed that three years of supervised release was the appropriate period. Gov't's Mot., ECF No. 53 at 4. To address the parole warrant detainer from the D.C. Superior Court case, the Court released Mr. Queen to the custody of the United States Marshals Service on June 22, 2018. Gov't's Mot., ECF No. 53 at 3.

The United States Parole Commission revoked Mr. Queen's parole in the D.C. Superior Court case and imposed a revocation sentence of twenty-one months. *Id.* (citing Gov't's Ex. 1, ECF No. 53-1 at 11). Mr. Queen completed his parole revocation sentence on September 14, 2018, after receiving jail-time credit from the date of the issuance of the parole warrant (March 7, 2017) through June 21, 2018, in addition to good time credit. *Id.* On the same day, BOP erroneously released Mr. Queen from federal custody despite the pending charges in this case. *Id.* On

4

September 19, 2018, this Court scheduled a status hearing for September 21, 2018, and the Court ordered Mr. Queen to self-surrender at the status hearing. *See* Min. Order of Sept. 19, 2018; *see also* Def.'s Mot. to Continue Hearing/Defendant Released by Error, ECF No. 40 at 1. Mr. Queen complied with the Court's Order. Min. Entry of Sept. 21, 2018.

On September 25, 2018, the Court sentenced Mr. Queen. At sentencing, the Court accepted the parties' proposed sentence under Rule 11(c)(1)(C). Sentencing Hr'g Tr. (Sept. 25, 2018), ECF No. 52 at 14. Before the oral pronouncement of the sentence, the Court asked the government for its position on whether the Court should run the sentence concurrently with or consecutively to any other sentence. *Id*. at 6. "[W]ith respect to the parole sentence," the government stated that it did not take the position that the sixty-month prison term should be consecutive to the parole sentence. *Id*. Neither party, however, informed the Court that Mr. Queen had already completed his parole revocation sentence on September 14, 2018. *See id*. at 6-12. The Court decided that the sentence in the instant case would run concurrently with Mr. Queen's parole revocation sentence. *Id*. at 12.

The Court sentenced Mr. Queen to a sixty-month concurrent term of imprisonment as to Counts One and Four. *Id*. at 18. The Court imposed a three-year concurrent term of supervised

release. *Id.* The Court ordered the prison term to run

concurrently with the parole revocation sentence. *Id.*

Following the oral pronouncement, the Court informed

Mr. Queen that he would receive credit for the time that he had

served in custody. *Id.* at 14. The Court engaged in a discussion

with the United States Probation Officer regarding the estimated

jail-time credit:

> THE COURT: But I'm going to run the sentence
> -- I'm going to accept the sentence. It's 60
> months. You'll get credit for the time served.
> I'm not sure how much time remains. I don't
> know, maybe -- I don't know. I hate to guess
> because I'm always wrong, but it's about three
> years or so. Ms. Kraemer-Soares, I don't know.
>
> THE PROBATION OFFICER: That sounds about
> right.
>
> THE COURT: That's about right. It could be
> less than, I just don't know because you're
> getting credit for -- you've been incarcerated
> for 19 months, right, so 15 percent every year
> will be reduced, so it's going to be reduced,
> so it's somewhere around 36 months or so. I
> don't know. You have a better calculation. And
> that's with credit, so it's not quite 36
> months. Do you understand that?
>
> THE DEFENDANT: Yes.

*Id.* at 14-15.

The Court reiterated the sentence to Mr. Queen: "I'll run

the sentences -- It's Count 1 and Count 4, so I'll run the

sentence of 60 months concurrent, impose a period of supervision

of three years on each count concurrent, and that's concurrent

with the parole sentence that you are serving, all right." *Id.* at 18.

Consistent with the oral pronouncement, the Court entered the written judgment on October 4, 2018. J., ECF No. 47 at 1-8. The written judgment states that Mr. Queen shall serve a sixty-month concurrent term of imprisonment as to Counts One and Four. *Id.* at 3. And the sixty-month concurrent term of imprisonment would run concurrently with the term of imprisonment imposed by the United States Parole Commission. *Id.* Mr. Queen did not appeal the sentence to the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). *See generally* Docket for Crim. Action No. 17-58.

Less than a year after the entry of the written judgment, the Clerk of Court filed Mr. Queen's *pro se* Rule 36 motion on July 28, 2019. *See* Def.'s Mot., ECF No. 49 at 1. On September 3, 2019, the government filed its motion to transfer Mr. Queen's Rule 36 motion, construed as a Section 2241 petition, to the Eastern District of North Carolina. *See* Gov't's Mot., ECF No. 53 at 1. Mr. Queen filed his response, styled as "Defendant's Reply to the Government's Motion for Order to Transfer His Rule 36 Motion, Construed as a Habeas Petition Under 28 U.S.C. § 2241, to the Eastern District of North Carolina." *See* Def.'s Resp., ECF No. 55 at 1. The government then filed its reply brief. *See* Gov't's Reply, ECF No. 57 at 1. On April 21, 2020, Mr. Queen

submitted a letter to the Court. *See* Def.'s Letter, ECF No. 58 at 1. The motions are ripe for the Court's adjudication.

## III.  Analysis

Under Rule 36 of the Federal Rules of Criminal Procedure, "the court may at any time correct a *clerical error* in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). Mr. Queen seeks an amendment to the written judgment to: (1) reflect "the Court's intent to credit the nineteen (19) months he had already served prior to his sentencing"; and (2) "conform the sentence [to] the Court's intentions pronounced orally on September 25, 2018." Def.'s Mot., ECF No. 49 at 7. In Mr. Queen's view, the written judgment should include an explicit statement that he will receive credit for time served. *See id.* at 3; *see also* Def.'s Resp., ECF No. 55 at 7-8. Mr. Queen, however, is not entitled to relief under Rule 36.

Having carefully reviewed the transcript from the sentencing hearing, the Court cannot find that the written judgment contains a clerical error within the meaning of Rule 36. *See* Sentencing Hr'g Tr., ECF No. 52 at 14-15; *see also* J., ECF No. 47 at 3. During the sentencing hearing, the Court did not state that an express term of the sentence would include credit for the time that Mr. Queen had already served in

custody. *See* Sentencing Hr'g Tr., ECF No. 52 at 14-15. Although the Court stated that Mr. Queen would receive "credit for the time served," the Court made clear that its prediction could be "wrong" with respect to the specific amount of Mr. Queen's jail-time credit. *Id.* at 14 ("I'm not sure"; "I hate to guess"; "I don't know"; "I just don't know"). The Court's statement—that Mr. Queen would receive credit for the time served in custody—is consistent with the plain language of 18 U.S.C. § 3585(b).

By its terms, Mr. Queen "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). As the Supreme Court has explained, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," which includes calculating jail-time credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992). "Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court *cannot* determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id.* (emphasis added).

*Blood v. Bledsoe*, 648 F.3d 203 (3d Cir. 2011) is illustrative. There, a sentencing judge stated during the

9

sentencing hearing that "the time [the defendant] served to date will be credited to this conviction." *Blood*, 648 F.3d at 206. The United States Court of Appeals for the Third Circuit ("Third Circuit") held that the sentencing judge's statement, "when read in context, merely reflect[ed] the [sentencing judge's] *prediction* that the BOP would credit the disputed time toward the [state] sentence under 18 U.S.C. § 3585(b)." *Id*. The Third Circuit explained that "district courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the BOP." *Id*.[2]

---

[2] Mr. Queen's argument—that the Court has the authority to award him credit for time served under Section 5G1.3 of the United States Sentencing Guidelines—is unavailing. *See* Def.'s Resp., ECF No. 55 at 3-10. Section 5G1.3 did not apply to Mr. Queen's sentence because he was not subjected to an "undischarged" term of imprisonment or an "anticipated" state term of imprisonment. U.S.S.G. § 5G1.3. In fact, Mr. Queen's parole revocation sentence was discharged as of September 14, 2018. Gov't's Reply, ECF No. 57 at 4. Mr. Queen's reliance on the Third Circuit's decision in *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002) is misplaced. In that case, the Third Circuit held that a federal district court had authority under U.S.S.G. § 5G1.3(c) to adjust a sentence for time served on a state conviction. *Ruggiano*, 307 F.3d at 131. As the government correctly notes, the "holding [in *Ruggiano*] has been superseded by more recent amendments to the Sentencing Guidelines, which the Third Circuit expressly acknowledged in *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011)." Gov't's Reply, ECF No. 57 at 5 n.1. Finally, the Court rejects Mr. Queen's contention that this Court "intended to exercise [its] authority to adjust [his] sentence to account for all the 19 months of time he had served prior to his sentencing including the time served on his parole sentence." Def.'s Resp., ECF No. 55 at 6. The Court expressly accepted the agreed-upon sentence in the Rule 11(c)(1)(C) plea agreement and imposed sixty months of imprisonment without any adjustments. *See* Sentencing Hr'g Tr., ECF No. 52 at 14, 18.

Here, the government argues—and the Court agrees—that a district court lacks the authority to "assess its own calculation of credit for time served in a particular case" because "'that authority rests exclusively with the BOP.'" Gov't's Mot., ECF No. 53 at 6 (quoting *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000)). That being said, the government contends that the Court should construe Mr. Queen's motion as a challenge to: (1) BOP's calculation of his jail-time credit attributable to this case; and (2) BOP's computation of his release date. *Id*. at 7. Mr. Queen asserts that he "is NOT challenging how the BOP calculated his sentence." Def.'s Resp., ECF No. 55 at 9.

Nonetheless, the Court is not bound by the label that Mr. Queen attaches to his *pro se* Rule 36 motion. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003). The Court may recharacterize Mr. Queen's motion to, among other things, "create a better correspondence between the substance of [his] *pro se* motion's claim and its underlying legal basis." *Id*. The Court liberally construes Mr. Queen's motion and filings given his status as a *pro se* prisoner. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 667 (D.C. Cir. 2013). In doing so, it is clear that Mr. Queen disagrees with the BOP's calculation of his jail-time credit attributable to the sixty-month term of imprisonment in this case. *See* Def.'s Mot., ECF No. 49 at 1–7.

11

The crux of Mr. Queen's motion challenges BOP's calculation of the length of his confinement. *See id*. Based on his own calculations, Mr. Queen claims that his projected release date should be May 31, 2021 with good time credit and the nineteen months that he served in custody prior to sentencing in this case. *See id*. at 3. But the government explains that "[t]he discrepancy between the BOP's calculation and the proposed release date in [Mr. Queen's] motion is because [he] seeks to attribute *all* of the time he spent in custody from his arrest (February 25, 2017) until his sentencing hearing (September 25, 2018) as jail credit in *this* case." Gov't's Mot., ECF No. 53 at 7.

The government confirms that "BOP *did* calculate [Mr. Queen's] jail credit in this case, as it does for every inmate pursuant to federal law." *Id*. at 6. According to BOP's calculation, Mr. Queen "had only 20 days of jail credit attributable to this case: 10 days for the period from [his] arrest (February 25, 2017), until the parole warrant was issued for [his] [D.C.] Superior Court case (March 7, 2017), plus 10 days for the period after [his] completion of his parole revocation sentence (September 15, 2018), until the day before [he] was sentenced in this case (September 24, 2018)." *Id*. at 7. The government asserts that BOP attributed most of Mr. Queen's jail-time credit to his parole revocation proceedings in the

12

D.C. Superior Court case. *Id.* (stating that "[a] BOP representative informed government counsel . . . that the BOP believes it properly attributed most of that time to defendant's parole revocation proceedings in his [D.C.] Superior Court case"). And the government correctly notes that "federal law prohibits [Mr. Queen] from receiving dual credit." *Id.*

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper vehicle for challenges to the execution of a defendant's sentence, the administration of his sentence, or the length of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that challenges to the fact or duration of confinement lie at the core of habeas corpus). The government contends—and the Court agrees—that "[Mr. Queen's] motion should be construed as a challenge to the BOP's calculation of his jail credit attributable to this case, and to the BOP's determination of his release date." Gov't's Mot., ECF No. 53 at 7.

"A federal court can only issue a writ of habeas corpus if (1) the petitioner is physically confined within the court's territorial jurisdiction, and (2) the court has personal jurisdiction over the petitioner's immediate custodian." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 109 (D.D.C. 2016) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 444, 447 (2004)). "This means that, as a general matter, courts may grant habeas relief only

13

'within their respective jurisdictions.'" *Id.* (quoting 28 U.S.C. § 2241(a)); *see also Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[I]n habeas cases involving present physical confinement, jurisdiction lies only in one district: the district of confinement." (citation and internal quotation marks omitted)).

Here, Mr. Queen is serving his sentence at the Rivers Correctional Institution in Winton, North Carolina, and the warden is his immediate custodian. This Court does not have personal jurisdiction over the warden because the warden is located in the Eastern District of North Carolina. *See Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Where, as here, the Court lacks jurisdiction over a Section 2241 motion, the Court "has the authority to dismiss the action or transfer it [to the appropriate district] in the interest of justice." *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 306 (D.D.C. 2009). Having construed Mr. Queen's motion as a habeas petition under 28 U.S.C. § 2241, the Court will exercise its authority, in the interest of justice, to transfer Mr. Queen's motion to the appropriate forum. *See* 28 U.S.C. § 1631.

**IV.   Conclusion and Order**

For the reasons set forth above, Mr. Queen is not entitled to relief under Rule 36 of the Federal Rules of Criminal Procedure. Mr. Queen's Rule 36 motion, construed as a habeas petition under 28 U.S.C. § 2241, shall be transferred to the United States District Court for the Eastern District of North Carolina, the district in which Mr. Queen is incarcerated.

Accordingly, it is hereby

**ORDERED** that the United States' Motion to Transfer Defendant's Rule 36 Motion, Construed as a Habeas Petition Under 28 U.S.C. § 2241, to the Eastern District of North Carolina, ECF No. 53, is **GRANTED**; it is further

**ORDERED** that Defendant's Motion for Amendment of the Written Judgment Pursuant to Federal Rule of Criminal Procedure 36, ECF No. 49, is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina; it is further

**ORDERED** that the Clerk of Court shall terminate Mr. Queen's motion, ECF No. 49, and mail a copy of this Memorandum Opinion and Order to Mr. Queen's address of record.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          May 27, 2020**