**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| DOMINIC RANDY QUEEN, |
| Defendant. |

Crim. Action No. 17-58 (EGS)

<u>**MEMORANDUM OPINION AND ORDER**</u>

Defendant Dominic Randy Queen ("Mr. Queen"), who has served less than two years of his five-year sentence for the unlawful possession of a firearm by a convicted felon and the unlawful possession with intent to distribute marijuana, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Def.'s Am. Mot. for Compassionate Release ("Def.'s Mot."), ECF No. 61 at 1.[1] Mr. Queen, who is twenty-eight years old, concedes that he suffers from no health conditions placing him at a heightened risk of severe illness or death from COVID-19. The government opposes Mr. Queen's motion, arguing that he satisfies none of the requirements for compassionate release. Gov't's Opp'n, ECF No. 63 at 11. Upon careful consideration of the parties' submissions, the applicable law, and the entire record herein, Mr. Queen's motion is **DENIED WITHOUT PREJUDICE.**

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

Under the compassionate release statute, as amended by the First Step Act, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018), the Court may reduce a defendant's term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). By its terms, the Court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

Mr. Queen fails to demonstrate that he exhausted his administrative remedies before filing his motion. *See* Def.'s Mot., ECF No. 61 at 1-5; *see also* Gov't's Opp'n, ECF No. 63 at 12. Mr. Queen claims that the warden of the facility where he is incarcerated—Rivers Correctional Institution ("CI Rivers") in Winton, North Carolina—"has not acted within 30 days upon request to release [him]." Def.'s Mot., ECF No. 61 at 3. The

government points out—and Mr. Queen does not dispute—that his motion does not provide any documentation showing that he submitted a request to the Warden of CI Rivers. *See* Gov't's Opp'n, ECF No. 63 at 1, 4.

The government acknowledges—albeit "[r]egrettably"—it has taken the position that the exhaustion requirement was waivable. Gov't's Opp'n, ECF No. 63 at 13 n.5; *see, e.g.*, Unopposed Emergency Mot. for Compassionate Release, *United States v. Powell*, No. 94-cr-0316 (ESH) (D.D.C. 2020), ECF No. 96 at 5; Joint Submission Regarding Def. Ghorbani's Mot. for Reduction of Sentence Pursuant to Compassionate Release, *United States v. Ghorbani*, No. 18-cr-255 (PLF) (D.D.C. Apr. 3, 2020), ECF No. 129 at 2 n.1. And the government has waived the exhaustion requirement in other cases in light of the COVID-19 pandemic. *See, e.g.*, *United States v. Gentille*, No. 19-cr-590 (KPF), 2020 WL 1814158, at *3 (S.D.N.Y. Apr. 9, 2020) (agreeing with the government that "§ 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claims-processing rule that the [g]overnment can waive by failing to raise an exhaustion argument"); *United States v. Jasper*, No. 18-cr-390-18 (PAE), 2020 WL 1673140, at *2 (S.D.N.Y. Apr. 4, 2020). The government, however, takes a different view in this case, arguing that "[t]he requirement that a defendant either exhaust administrative appeals or wait 30 days after presenting a

request to the warden before seeking judicial relief is
mandatory and must be enforced by the Court." Gov't's Opp'n, ECF
No. 63 at 13.

Courts in this District have rejected the government's
argument. *See, e.g.*, *United States v. Morris*, No. 12-cr-154
(BAH), 2020 WL 2735651, at *6 (D.D.C. May 24, 2020) (collecting
cases); *United States v. Jennings*, No. 18-cr-17 (TSC), 2020 U.S.
Dist. LEXIS 70800, *4 (D.D.C. Apr. 22, 2020) (finding that
"waiving the exhaustion requirement is appropriate here given
the history of the compassionate release statute and the urgency
of the COVID-19 pandemic"). Indeed, this Court noted that "[t]he
exhaustion requirement . . . can be waived in light of the
extraordinary circumstances posed by the COVID-19 pandemic."
Order, *United States v. Evans*, No. 18-cr-103-2 (EGS) (D.D.C.
Apr. 10, 2020), ECF No. 225 at 4 n.2 (citing *United States v.
Powell*, No. 94-cr-316 (ESH), 2020 WL 1698194, at *1 (D.D.C. Mar.
28, 2020)). Courts outside of this jurisdiction have reached
different conclusions. *See, e.g.*, *United States v. Raia*, 954
F.3d 594, 597 (3d Cir. 2020) (explaining that the exhaustion
requirement "presents a glaring roadblock foreclosing
compassionate release"); *United States v. Epstein*, No. 14-cr-287
(FLW), 2020 WL 1808616, at *5 (D.N.J. Apr. 9, 2020) (denying
compassionate release motion for failure to exhaust
administrative remedies).

Although the United States Court of Appeals for the
District of Columbia Circuit ("D.C. Circuit") has not addressed
this issue, "every court [in this District] that has considered
the jurisdictional or non-jurisdictional nature of the mandate .
. . has consistently concluded that section 3582(c)(1)(A)'s
exhaustion requirement is *not* jurisdictional and is thus subject
to equitable waiver by the court." *United States v. Johnson*,
No. 15-cr-125 (KBJ), 2020 WL 3041923, at *3 (D.D.C. May 16,
2020) (collecting cases). Given the case law in this District
and the "contrary authority from outside this [D]istrict," "the
Court will not dismiss for lack of jurisdiction or on the ground
that the requirement is not waivable, but will proceed to" the
merits. *United States v. Malone*, No. 13-cr-231-1 (ESH), 2020 WL
1984261, at *1 (D.D.C. Apr. 27, 2020); *see also United States v.
Wheeler*, No. 19-cr-85 (ESH), 2020 WL 2801289, at *2 (D.D.C. May
29, 2020) (concluding that "requiring [the defendant] to exhaust
would cause an unnecessary delay contrary to the purposes of the
First Step Act, especially given that the Court agrees with
prison officials that [the defendant] does not meet the
standards for compassionate release").

On the merits, Mr. Queen fails to establish that he
satisfies the remaining requirements for compassionate release.
*See* Def.'s Mot., ECF No. 61 at 1-5. The government argues—and
the Court agrees—that Mr. Queen does not meet his burden of

demonstrating any "extraordinary and compelling reasons" for a sentence reduction under Section 3582(c)(1)(A)(i). Gov't's Opp'n, ECF No. 63 at 18. As the government correctly points out, the Sentencing Commission's applicable policy statement delineates the specific circumstances that constitute "extraordinary and compelling reasons." *Id*. at 19 (citing U.S.S.G. § 1B1.13, cmt. n.1(A)). One such circumstance is where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Mr. Queen cannot clear this hurdle. Mr. Queen does not claim that he is currently suffering from a serious physical or medical condition—let alone a medical condition—that substantially diminishes his ability to provide self-care within CI Rivers. *See* Def.'s Mot., ECF No. 61 at 1-5. At the time of sentencing, Mr. Queen advised the United States Probation Officer that "he is healthy and has no history of health problems." Presentence Investigation Report, ECF No. 42 at 22 ¶ 68. But Mr. Queen argues that the risk of contracting COVID-19 alone is an "extraordinary and compelling reason" warranting release. Def.'s Mot., ECF No. 61 at 3. To support this proposition, Mr. Queen relies on two cases. *See id*. at 3 n.1, 5

6

(citing *United States v. Norbert*, No. 19-cr-50-CWR-FKB, 2020
U.S. Dist. LEXIS 61799, at *1-*8 (S.D. Miss. Apr. 8, 2020);
*United States v. Garlock*, No. 18-cr-00418-VC-1, 2020 WL 1439980,
at *1 (N.D. Cal. Mar. 25, 2020)). Both cases are inapposite,
however.

   Neither *Norbert* nor *Garlock* involved a motion for
compassionate release. In *Norbert*, the court granted the
defendant's motion for bond pending an interlocutory appeal and
supplemental motion for bond after weighing the factors set
forth in Section 3142(g) of the Bail Reform Act. 2020 U.S. Dist.
LEXIS 61799, at *3-*8. In doing so, the court found that
"[w]hile the weight of the [g]overnment's evidence in support of
its case in chief was strong at the detention hearing, now that
the evidence has been suppressed, the [g]overnment's case is
relatively weak." *Id.* at *3; *see also United States v. Norbert*,
432 F. Supp. 3d 705, 718 (S.D. Miss. 2020) (granting defendant's
motion to suppress). In *Garlock*, the court, *sua sponte*, issued
an order extending the defendant's self-surrender date from June
12, 2020 to September 1, 2020 in light of the COVID-19 pandemic.
2020 WL 1439980, at *1. Here, the government contends—and the
Court agrees—that Mr. Queen "is already serving a sentence of
incarceration after being convicted, and he has failed to
demonstrate, as he must under the federal compassionate release
statute, that any 'extraordinary and compelling reasons' justify

a sentence reduction in his case." Gov't's Opp'n, ECF No. 63 at
20.

For its part, "[t]he government acknowledges that if an
inmate has a chronic medical condition . . . that the [Centers
for Disease Control and Prevention] has identified as elevating
the risk of becoming seriously ill from COVID-19, that may
qualify as a 'serious' condition" under the applicable policy
statement "even if the same condition would not have constituted
an 'extraordinary and compelling reason' absent the risk of
COVID-19." *Id*. (citing U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I)).
Mr. Queen, however, has not presented any documentation or
proffered any facts that would permit this Court to find that he
suffers from a serious physical or medical condition increasing
his risk of becoming seriously ill from COVID-19. *Cf*. Mem. Op. &
Order, *United States v. Barber*, No. 14-cr-239 (EGS) (D.D.C. June
16, 2020), ECF No. 57 at 11 (finding that a defendant met his
burden of demonstrating extraordinary and compelling reasons
that justified a sentence reduction because his medical
conditions substantially diminished his ability to provide self-
care in prison where he was unable to protect himself from
contact with inmates who were infected with COVID-19). In the
absence of such evidence and factual proffers, the Court cannot
find that the risks created by the COVID-19 pandemic alone
constitute an extraordinary and compelling reason within the

meaning of Section 3582(c)(1)(A)(i). *See Wheeler*, 2020 WL
2801289, at *3 (explaining that "the Court must concern itself
primarily with the particular characteristics of an individual
defendant when determining what constitutes an 'extraordinary
and compelling reason,' *not* a generalized risk to the prison
population as a whole"). The Court therefore finds that
Mr. Queen has not demonstrated any "extraordinary and compelling
reasons" for granting his motion for compassionate release.[2]

This Court recognizes that the global COVID-19 pandemic is
unprecedented. COVID-19 is a novel respiratory illness that has
infected 7.94 million individuals worldwide and 2.07 million
people in the United States. *S. Poverty Law Ctr. v. U.S. Dep't
of Homeland Sec.*, No. CV 18-760 (CKK), 2020 WL 3265533, at *4
(D.D.C. June 17, 2020) (citation omitted). As of June 16, 2020,
COVID-19 has resulted in 115,484 deaths in the United States.
*Id*. "At this time, there is no known cure, no effective

---

[2] The Court need not consider the Section 3553(a) factors,
including Mr. Queen's dangerousness under U.S.S.G. § 1B1.13(2).
*See United States v. Schlifstein*, No. 18-cr-217 (KMW), 2020 WL
2575633, at *3 (S.D.N.Y. May 21, 2020) (declining to "reach
other issues raised in the parties' submissions, including
consideration of the Section 3553(a) sentencing factors" after
finding no extraordinary and compelling reason warranted
compassionate release). The Court rejects Mr. Queen's arguments
challenging BOP's calculation of his sentence for the reasons
articulated in this Court's prior opinion. *See United States v.
Queen,* No. 17-cr-58 (EGS), 2020 WL 2748495, at *3-*6 (D.D.C. May
27, 2020).

treatment, and no vaccine." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 2020 WL 2813056, at *1 (May 29, 2020) (Roberts, C.J., concurring).

COVID-19 continues to rapidly spread around the world through symptomatic individuals as well as asymptomatic individuals. *Id*. And "[i]t is undisputed that COVID-19 is already at CI Rivers." *Wheeler*, 2020 WL 2801289, at *3 (citation omitted). "Realistically, the best — perhaps the only — way to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible." *United States v. Nkanga*, No. 18-cr-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020). On the current record, however, the Court cannot grant Mr. Queen's requested relief without documentation and medical information verifying a serious physical or medical condition that demonstrates he is at a particularly high risk of illness from COVID-19.

Accordingly, it is hereby

**ORDERED** that Defendant's Amended Motion for Compassionate Release, ECF No. 61, is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**            United States District Judge**
**            June 24, 2020**